

```
 1  Stanley A. Zlotoff
    State Bar No. 073283
 2  Attorney at Law
    300 S. First St. Suite 215
 3  San Jose, CA  95113

 4  Telephone (408) 287-5087
    Facsimile (408) 287-7645
 5
    Attorney for Debtor
 6
```

The following constitutes
the order of the court. Signed March 9, 2012

*Stephen Johnson*
Stephen L. Johnson
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Chapter 13 |
| Richard R. Lane, | ) Case No.: 11-54766 SLJ |
| Debtor | ) Date: n/a |
| | ) Time: n/a |

STIPULATED ORDER VALUING LIEN OF BANK OF AMERICA, N.A. as servicing agent on behalf of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2006-F.

- 1

This stipulated order is consented to by and between debtor through his attorney of record and BANK OF AMERICA, N.A. as servicing agent on behalf of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2006-F, through Melissa Vermillion, its attorney.

On January 6, 2012, Debtor filed a motion to value the lien of BANK OF AMERICA, N.A. as servicing agent on behalf of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2006-F.(hereinafter "Lienholder") against the property commonly known as 1266 Sandia Avenue, Sunnyvale, California 94089, which lien was recorded in Santa Clara County on or about May 5, 2006, as Document Number 18918829, and described more particularly in Proof of Claim Number 2, filed herein on July 8, 2011 (hereinafter the "Lien").

The court finds that notice of the motion upon Lienholder was proper. Lienholder having stipulated to the order set forth hereinafter, and good cause appearing;

The court hereby orders as follows: (1) For purposes of Debtor's chapter 13 plan only, the Lien is valued at zero, Lienholder does not have a secured claim, and the Lien may not be enforced, pursuant to 11 U.S.C. §§ 506, 1322 (b)(2) and 1327.

(2) This order shall become part of Debtor's confirmed chapter 13 plan. (3) Upon entry of a discharge or completion of plan payments in Debtor's chapter 13 case, the Lien shall be voided for all purposes, and upon application by Debtor, the court will enter an appropriate form of judgment voiding the Lien. (4) If Debtor's chapter 13 case is dismissed or converted to one under another chapter before Debtors obtain a discharge, this order shall cease to be effective and the Lien shall be retained to the extent recognized by applicable nonbankruptcy law, and upon application by the Lienholder, the court will enter an appropriate form of order restoring the Lien. (5) Except as provided by separate, subsequent order of this court, the Lien may not be enforced so long as this order remains in effect.

Approved:

Prober & Raphael by

/s/Melissa Vermillion

**END OF ORDER**

COURT SERVICE LIST

Case: 11-54766   Doc# 28   Filed: 03/09/12   Entered: 03/09/12 13:57:42   Page 4 of 4